KAB

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Crispin Granados,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>State of Arizona, et al.,<br><br>　　　　　Defendants. | No.  CV 20-01099-PHX-SPL (MHB)<br><br>**ORDER** |

　　　　Plaintiff Crispin Granados, who is currently confined in the Arizona State Prison Complex-Florence, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. Before the Court are ten Petitions/Motions filed by Plaintiff, which are construed as motions seeking injunctive relief, and Defendants Carillo and Drake's Motion to Strike three of the Motions (Doc. 39).

**I.　　Background**

　　　　On screening under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated an Eighth Amendment excessive force claim against Defendant Carrillo in Count One based on an incident that allegedly occurred on January 7, 2020, and an excessive force claim against Defendant Drake in Count Three based on an incident that allegedly occurred on March 4, 2020. (Doc. 7.)  The Court dismissed the remaining claims and Defendants. (*Id.*)

. . . .

. . . .

**II.    Plaintiff's Motions**

    **A.    "Petition to Review Threat[]s commit[t]ed for the C.O.[]s of A.S.P.C. of A.D.C." (Doc. 15)**

In his Motion entitled "Petition to Review Threat[]s commit[t]ed for the C.O.[]s of A.S.P.C. of A.D.C." (Doc. 15), Plaintiff asserts that he is being kept in "animal conditions" and that unidentified correctional officers tell him that he will not be getting medical assistance, unidentified COs deny Plaintiff his "legal property," unidentified staff took his legal mail without justification, and that the day Plaintiff wrote his Motion, his legal property was again taken and Plaintiff wants "to know the reason."  Plaintiff also alleges that Defendant Drake raped him on March 4, 2020, on September 25, 2020, CO Ballas threatened Plaintiff and put him into maximum security for no reason, and on September 30, 2020, CO Ballas refused to take Plaintiff to medical unless he stood up from his wheelchair and walked.  As relief, Plaintiff requests that criminal charges be brought against the officers and that the Court direct the COs at Eyman-Unit SMU 1 to return Plaintiff's legal property relating to his criminal case.

    **B.    "Petition to File Charges for Threat to Safety—Excessive Force by an Officer—Medical Care" (Doc. 22)**

In his December 9, 2020 Motion entitled "Petition to File Charges for Threat to Safety—Excessive Force by an Officer—Medical Care" (Doc. 22), Plaintiff asserts that on December 9, 2020, CO Gonzalez forced Plaintiff and his cellmate to remove their clothes and stay unclothed for several minutes; thereafter, Plaintiff was pepper sprayed by another CO for no reason, and Plaintiff was refused medical care and provided the "wrong medical care."  As relief, Plaintiff requests "charges" for "verbal assault," "threat to safety," "sexual assault with acts of sexual depravation of immorality," "excessive[] force by an officer," "abuse of force," "torture physical/mental trauma emotional," "pain and suffering," and "abuse about disabled handicap [sic] person."  Plaintiff includes an illegible Health Needs Request with his Motion.

Plaintiff also asserts that on December 15, 2020, CO Wildfield came to his cell and told Plaintiff to stand up, walk, and to speak English, and told Plaintiff that if he did not do

those things, Wildfield would file a "false report." Plaintiff asserts that on December 18, 2020, medical personnel came to his cell to provide him treatment, but the COs told Plaintiff to stand up in his cell and to walk and run, and Plaintiff was then denied medical assistance.

### C. Petition to File Charges for Medical Care Threat to Safety (Doc. 25)

In his January 22, 2021 Motion entitled "Petition to File Charges for Medical Care Threat to Safety" (Doc. 25), Plaintiff asserts that on January 22, 2021, a male nurse refused to treat Plaintiff because Plaintiff complained about correctional officers, and the nurse made a false report in the medical record. Plaintiff does not specifically state what relief he seeks in this "motion," other than to "file charges."

### D. Petition to File Charges for Threat to Safety Acts on January 20, 2021 (Doc. 26)

In his January 20, 2021 Petition to File Charges for Threat to Safety on January 20, 2021, Plaintiff asserts that CO Gonzalez hit and kicked Plaintiff while Plaintiff's hands were in handcuffs. Plaintiff requests criminal charges against Gonzalez for physical assault, verbal assault, threats, torture, verbal harassment, injuries, discrimination, abuse of authority, and abuse of a handicapped disabled person. Plaintiff asserts that CO Atondo hit Plaintiff in the head, chest, and face for two minutes. As relief, Plaintiff seeks to "file charges" for physical assault, verbal assault, injury, verbal harassment, and threats of death.

### E. Petition to File Charges for Threat to Safety-Excessive Force by an Officer (Docs. 30 and 33)[1]

In his January 31, 2021 Petition to File Charges for Threat to Safety-Excessive Force by an Officer (Doc. 30), Plaintiff asserts that on January 29, 2021, a CO entered his cell and began to hit him in the head. Plaintiff asserts that he wants to file "charges" for verbal assault, physical assault, and injury. Plaintiff also asserts that on January 31, 2021, CO Gonzalez told another prisoner to attack Plaintiff and the prisoner did attack Plaintiff

---

[1] The filings at Docs. 30 and 33 are the same Motion with "corrected" page numbers. (Doc. 33.)

and after that, a different CO used pepper spray on Plaintiff. Thereafter, CO Atondo pushed Plaintiff out of his wheelchair and kicked Plaintiff in the lower back with his foot.

### F. Petition to File Charge for Medical Care Threat to Safety (Doc. 36)

In his March 7, 2021 Petition to File Charge for Medical Care Threat to Safety (Doc. 36), Plaintiff asserts that on February 28, 2021, a nurse told him that medical would not see him unless he walks to medical. Plaintiff next alleges on March 1, 2021, when he requested a wheelchair from a nurse assistant, she responded with death threats. Plaintiff next alleges that on March 4, 2021, a false report was created stating that Plaintiff refused to go to medical because Plaintiff refused to walk there without a wheelchair.

### G. Petition to File Charges for Medical Care by Threats of Death (Doc. 37)

In his April 15, 2021 Petition to File Charges for Medical Care by Threats of Death (Doc. 37), Plaintiff asserts that on April 15, 2021, two medical assistants came to his cell and offered him the COVID-19 vaccine, but then refused to give it to him because he does not speak English.

### H. Motion in Reference About Medical Care (Doc. 38)

In his April 29, 2021 Motion, Plaintiff asserts that on March 22, 2021, and April 5, 2021, April 9, 2021, a nurse did not pick up Plaintiff's Health Needs Requests.

### I. Motion to File Charge for Medical Care (Doc. 40)

In his May 3, 2021 Motion, Plaintiff asserts that on May 3, 2021, a medical assistant and corrections officer issued threats to Plaintiff when he refused to speak English to them.

## III. Injunctive Relief Standard

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted) ("[a] preliminary injunction is an extraordinary remedy never awarded as of right"). A plaintiff seeking a preliminary injunction must show that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm without

an injunction, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. "But if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc*., 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). Under this serious questions variant of the *Winter* test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez*, 680 F.3d at 1072.

Regardless of which standard applies, the movant "has the burden of proof on each element of the test." *See Envtl. Council of Sacramento v. Slater,* 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000). Further, there is a heightened burden where a plaintiff seeks a mandatory preliminary injunction, which should not be granted "unless the facts and law clearly favor the plaintiff." *Comm. of Cent. Am. Refugees v. INS*, 795 F.2d 1434, 1441 (9th Cir. 1986) (citation omitted).

The Prison Litigation Reform Act imposes additional requirements on prisoner litigants who seek preliminary injunctive relief against prison officials and requires that any injunctive relief be narrowly drawn and the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2); *see Gilmore v. People of the State of Cal*., 220 F.3d 987, 999 (9th Cir. 2000).

A court may issue an injunction against a non-party only where the non-party acts in active concert or participation with an enjoined party. Fed. R. Civ. P. 65(d)(2) (a preliminary injunction only binds those who receive actual notice of it by personal service or are parties, their officers, agents, servants, employees, and attorneys, and persons in active concert); *see Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before

the court."); *see also Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969).

**IV.     Discussions**

Plaintiff's Petitions/Motions are improper for several reasons. This Court has jurisdiction over Plaintiff's claims for excessive force alleged in his initial Complaint. The Court has no jurisdiction over Plaintiff's claims that arose on other dates against other actors, and therefore, the Court lacks jurisdiction to grant Plaintiff any of the relief he seeks in any of his "Petitions."

To the extent Plaintiff seeks to have criminal charges brought against any individual, the Court does not have the authority to bring criminal charges on Plaintiff's behalf and criminal charges cannot be brought in this *civil* action.

To the extent Plaintiff seeks to file other *civil* actions, he must file such actions on the court-approved form and file an Application to Proceed In Forma Pauperis in those actions.

To the extent Plaintiff seeks to amend his Complaint in this action, Plaintiff *must comply* with Rule 15 of the Federal Rules of Civil Procedure and LRCiv 15.1,[2] and because

---

[2] LRCiv 15.1 provides:

> A party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion, which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added. The proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits. If a motion for leave to amend is granted, the party whose pleading was amended must file and serve the amended pleading on all parties under Rule 5 of the Federal Rules of Civil Procedure within fourteen (14) days of the filing of the order granting leave to amend, unless the Court orders otherwise

LRCiv 15.1.

1 the deadline to amend pleadings has passed (Doc. 32 at 1), Plaintiff must also meet the
2 good cause standard set forth in Rule 16 of the Federal Rules of Civil Procedure.

3       Moreover, the Court notes that many of the alleged incidents occurred the same day
4 or within days of the date Plaintiff filed his petition(s).  Under the Prison Litigation Reform
5 Act, a prisoner must exhaust "available" administrative remedies **before filing** an action in
6 federal court.  *See* 42 U.S.C. § 1997e(a); *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th
7 Cir. 2006); *Brown v. Valoff*, 422 F.3d 926, 934-35 (9th Cir. 2005).  The prisoner must
8 complete the administrative review process in accordance with the applicable rules.  *See*
9 *Woodford v. Ngo*, 548 U.S. 81, 92 (2006).  Exhaustion is required for all suits about prison
10 life, *Porter v. Nussle*, 534 U.S. 516, 523 (2002), regardless of the type of relief offered
11 through the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).  It is clear
12 from the content of Plaintiff's Petitions that he did not attempt to exhaust his claims prior
13 to filing his Petitions.  Plaintiff is warned that if he does not exhaust claims *before* filing
14 them in federal court, he will not be able to proceed with his claims and they will be
15 dismissed for failure to exhaust.

16       For the foregoing reasons, Plaintiff's Petitions will be denied.

17       Plaintiff is warned that if he files any other "petitions" or "motions" that suffer from
18 the defects identified in this Order, such petitions or motions will be stricken from the
19 docket without further discussion.

20       **IT IS ORDERED:**

21       (1)   The reference to the Magistrate Judge is withdrawn as to Plaintiff's
22 Petitions/Motions (Docs. 15, 22, 25, 26, 30, 33, 36, 37, 38, 40) and Defendants Carillo and
23 Drake's Motion to Strike (Doc. 39).

24       (2)   Plaintiff's Petitions/Motions (Docs. 15, 22, 25, 26, 30, 33, 36, 37, 38, 40) are
25 **denied**.

26 ///
27 ///
28 ///

- 7 -

(3) Defendants Carillo and Drake's Motion to Strike (Doc. 39) is **denied as moot**.

Dated this 12th day of May, 2021.

Honorable Steven P. Logan
United States District Judge